UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY TONY ROMANO,

            Plaintiff,

vs.                                Case No. 2:13-cv-246-FtM-29DNF

JOHN DOE (1), Florida Department of Correction Probation Department Supervisor, ROB MORISON, Officer, RICHARD GORDEN, Officer and STEVE MARESCA, State of Florida Attorney General's Office Attorney Prosecuting Plaintiff's Criminal Case all sued in their individual and official capacities,

            Defendants.
_____

**ORDER OF DISMISSAL**

Plaintiff Anthony Romano, a prisoner proceeding *pro se*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 on March 13, 2013.[1] Plaintiff seeks leave to proceed *in forma pauperis* (Doc. #2).

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks

---

[1] According to the Complaint, all of the named Defendants, with the exception of attorney Maresca, are located in Pinellas Park, Florida. Complaint at 4. The Court finds it not in the interests of justice to transfer the action to the Tampa Division because the action is subject to dismissal under § 1915.

monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915 is a screening process to be applied sua sponte and at any time during the proceedings.² In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

A complaint is frivolous under § 1915 if it lacks arguable merit either in law or fact. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002), cert. denied, 124 S. Ct. 1038 (2004); Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001), cert. denied, 534 U.S. 1044 (2001). Further, "[f]rivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 U.S. at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 328 (1989)). A lawsuit is frivolous if the

---

²Similarly, pursuant to § 1915, "notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2)(B)(i)-(iii).

"plaintiff's realistic chances of ultimate success are slight." Clark v. Georgia Pardons and Parole, 915 F.2d 636, 639 (11th Cir. 1990)(citations omitted).

The standards that apply to a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(B)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, although a complaint "does not need detailed

factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

**II.**

Plaintiff files this action against: the "Florida Department of Correction State Prohibition Supervisor," Probation Officer Richard Gorden, Probation Officer Rob Morison, and the attorney who is apparently prosecuting Plaintiff's violation of probation, Steve Maresca, who Plaintiff identifies as an "attorney with the Office of the Florida Attorney General." Complaint at 4. The gravamen of the Complaint stems from an alleged violation of probation based on Plaintiff's drug use. See generally Complaint. Plaintiff states that, on September 26, 2011, probation officers Morison and Gorden

searched every room of his house until they found drug paraphernalia (a pipe) under his bed. Id. at 6. Plaintiff claims that these probation officers searched his house in retaliation for Plaintiff successfully litigating an unrelated § 1983 action. Id. at 6. Plaintiff also claims that the "prosecutor" is seeking a twenty-year sentence as a result of his violation of probation for the same reason. Specifically, Plaintiff alleges that the "state prosecution's attorney [is] acting with deliberate retaliation asking 20 years for first time cocaine in urine [sic] proves ongoing punishment is unconstitutional punishment against the plaintiff for filing and winning [sic] lawsuit." Id. at 8. Plaintiff believes he should have been offered an opportunity to attend a drug rehabilitation program. Id. As relief, Plaintiff requests that the Court move his "criminal case" to the federal court because "at this point everyone work[s] for [the] State of Florida or [sic] county. Assure [sic] retaliation punishment conviction." Id.

### III.

The Court finds the instant Complaint is due to be dismissed as frivolous or for failing to state a claim. To prevail on a retaliation claim, a plaintiff must establish that: (1) his speech was constitutionally protected; (2) he suffered adverse action such that official's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3)

there is a causal relationship between the retaliatory action and the protected speech. O'Bryant v. Finch, 637 F.2d 1207, 1212 (11th Cir. 2011)(internal quotations omitted); Moton v. Cowart, 631 F.3d 1337, 1341-42 (11th Cir. 2011). "To establish causation, the plaintiff must show that the defendant was 'subjectively motivated to discipline' the plaintiff for exercising his First Amendment rights." Moton, 631 F.3d at 1341 (quoting Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008)).

The Complaint includes absolutely no causal connection between the alleged acts of retaliation and Plaintiff's success in case number 2:06-cv-375-FtM-29DNF. Plaintiff initiated case number 2:06-cv-375 against Defendants from the Collier County Jail and Secretary of the Florida Department of Corrections based on the conditions of his confinement under § 1983 and the Americans with Disabilities Act. The Complaint fails to allege any causal connection as to why probation officers and a prosecuting attorney would have any interest in Plaintiff's prior action. The Court finds Plaintiff's factual allegations in support of his retaliation claim are fantastic because a review of the Complaint reveals that Plaintiff's probation was violated based upon his alleged actions in consuming drugs, and not for any other reason.

Additionally, while "[o]n its face, § 1983 admits no immunities," the Supreme Court has "consistently recognized that substantive doctrines of privilege and immunity may limit the

relief available in § 1983 litigation." Tower v. Glover, 467 U.S. 914, 920 (1984). Both qualified and absolute immunity defenses bar certain actions. Id. In particular, prosecutors are entitled to absolute immunity from liability for actions undertaken in furtherance of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2001). The Eleventh Circuit has also recognized that probation officers are entitled to quasi-judicial immunity in preparing a presentence investigation report, testifying as a witness in a grand jury or criminal hearing, or in other acts intimately associated with the judicial process. Holmes v. Crobsy, 418 F.3d 1256, 1258 (11th Cir. 2005); see also Cleavinger v. Saxner, 474 U.S. 193, 200-201 (1985)(recognizing several federal appellate courts have found state probation officers are entitled to absolute immunity). Furthermore, "[a] state, state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983." Edwards v. Wallace Cmty. Coll., 49 F.3d 1517, 1524 (11th Cir. 1995)(citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71(1989)(recognizing that the Eleventh Amendment precludes suits in federal court against the State, arms of the State, and even State officials sued in their official capacities)). Consequently, Plaintiff's claims against an attorney Marcesa and the probation officers are subject to dismissal.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Complaint (Doc. #1) is **DISMISSED** without prejudice pursuant to § 1915(e)(2)(B)(i)-(iii).

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __22nd__ day of April, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record